JjPER. CURIAM.
Edward Lewis was employed by Fol-ger’s Coffee Co. (“Folger’s”) at its Gentilly Road facility in New Orleans, Louisiana. During his employment with Folger’s, Mr. Lewis claims he suffered a compensable injury.
In August 2002, Mr. Lewis filed a claim for workers’ compensation benefits. Pursuant to La. R.S. 23:1310.4, Mr. Lewis, a domiciliary of St. Tammany Parish, elected to file his claim in OWC District 6, which encompasses St. Tammany Parish.[1]
In March 2003, Folger’s filed a petition in OWC District 6 seeking forfeiture of Mr. Lewis’ benefits, as well as restitution and attorney’s fees, pursuant to La. R.S. 23:1208. Folger’s claim for forfeiture of benefits was consolidated with Mr. Lewis’ claim for benefits.
In August 2003, shortly before the matters were set to go to trial, Mr. Lewis voluntarily dismissed his claims in OWC District 6. Mr. Lewis then filed a second claim' for compensation in- OWC District 8 for the Parish of Orleans, the site of Fol-ger’s facility and the location of the alleged injury.
Folger’s moved to reinstate its demand for forfeiture óf Mr. Lewis’ benefits in *782 OWC District 6. The hearing officer granted Folger’s motion to reinstate its demand.
Mr. Lewis applied for supervisory! 2 writs from this ruling. In a split decision, the court of appeal granted the writ in part and reversed the hearing officer’s decision to reinstate Folger’s claim for forfeiture of benefits. Folger’s now seeks review of this ruling.
La. R.S. 23:1310.4(A)(1) provides “[a]t the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers’ compensation judge.” La. R.S. 23:1310.4 provides “[a]fter the election has been made as provided above, all future hearings affecting the claimant’s case shall be held in the judicial district so designated unless the workers’ compensation judge, upon agreement by the claimant and the employer, shall transfer such cause for hearing to any other judicial district agreed upon.”
These provisions are mandatory in nature, providing that the claimant shall elect the situs of the hearing at the time the claim is initiated and once this election is made all future hearings shall be held in this district. Accordingly, once Mr. Lewis elected OWC District 6 at the time he initiated his claim, all future hearings must be held in that district, unless the hearing officer approves a transfer upon agreement of the claimant and hearing officer. No such transfer was made in this case. We find that Mr. Lewis, having made his election, may not circumvent these mandatory provisions by dismissing his claim and refiling the claim in a different district.
Accordingly, the writ is granted. It is ordered that Mr. Lewis’ claim for benefits be transferred from OWC District 8 to OWC District 6 and that Folger’s forfeiture action be reinstated in OWC District 6.

. In a letter dated August 5, 2002, Mr. Lewis, through his counsel, wrote:
Pursuant to LA R.S. 23:1310.4, claimant hereby elects that the situs of this claim be District 6 of the Office of Workers’ Compensation for the State of Louisiana.